Alexander Del Giorno, J.
This is a motion for an order advancing this claim on the calendar of the court to the position it would have held if it had not been marked off the calendar on September 8, 1958.
The claim is for wrongful death of claimant’s intestate, who was injured while she was a patient at Brooklyn State Hospital when she jumped down a laundry chute at the hospital. She died subsequently allegedly as a result of the injuries sustained.
When the claim was filed, the rules of the court provided that it was automatically placed upon the calendar. Later the rules were amended so as to provide that a statement of readiness be filed. Claimant’s attorney believed that the claim retained its position but could not be tried until the statement of readiness was filed. As a result of this misunderstanding, and because this claim was his first in this court, claimant’s attorney was unaware that the claim had to be answered on the calendar call of September 8, 1958 and failed to answer the call. For various reasons, the examination before trial of the State was delayed, but it was completed on December 9, 1958 and a statement of readiness was filed on December 10, 1958.
The claim had calendar number 155 on the call of September 8, 1958 and bore calendar number 410 on the January 1959 Calendar, because it had been marked off on the call of September 8,1958, and not restored until the statement of readiness was *167 filed. The calendar number of the claim on the call of September 14,1959 was 294.
Claimant has submitted to the court an affidavit which sets forth that since the death of his wife, he has been obliged to hold down two full-time jobs in order to support his children, 11 and 10 years of age, and himself. He states that it has become necessary for him to board the children with a married couple in order to insure proper care for them, and that he is able to see them only on weekends, which he states results in a somewhat unstable family relationship. He has submitted a full financial statement indicating his income and his expenses, which substantiates his statements.
This instant application, therefore, is based upon (1) the misunderstanding of claimant’s attorney of the rules of the court and (2) the financial hardship which has inured to the claimant’s children and claimant resulting in disruption of the family unit, which situation may be prolonged unduly if the claim retains its present calendar number.
While normally ignorance of the rules of the court would not constitute sufficient excuse on the part of claimant’s attorney to file a statement of readiness and to answer a calendar call, the court feels that under the circumstances the results of such omission so far as they affect claimant and his children are too serious to preclude relief. The default was not deliberate or willful. Of course, although claimant states that since the death of his wife he has been obliged to work at two jobs, it is more probable that this situation began with her admission to the hospital. Nevertheless, there is a hardship which would be aggravated by the retention of the claim in its present calendar position.
The court does not believe that the granting of the motion will prejudice the State in any way.
The motion is granted to the extent that the claim is placed upon the calendar of November 30, 1959, and the Clerk of the court is directed to give effect to this provision.
Settle order on notice accordingly.